UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WESTCHESTER FIRE INSURANCE CO. : | CASE NO. _____ |
| : | |
| Plaintiff : | |
| : | |
| v. : | |
| : | |
| TITAN ENTERPRISES, INC., : | |
| HUNDERED ACRE WOOD, LLC, : | |
| ANTHONY ESPOSITO, and : | |
| MARIA ESPOSITIO : | |
| : | |
| Defendants : | |
| : | JULY 12, 2018 |

## *COMPLAINT*

### I. **NATURE OF ACTION**

1. Plaintiff Westchester Fire Insurance Co. ("Surety") wrote surety bonds at the request of Defendants Titan Enterprises, Inc. ("Principal) and Anthony and Maria Esposito (referred to collectively as "Indemnitors"). Principal and Indemnitors executed an Agreement of Indemnity ("Indemnity Agreement"), dated May 7, 2014, under which they agreed, *inter alia*, to indemnify Surety for any indebtedness owed by Principal or Indemnitors to Surety. Principal and Indemnitors wrongfully converted the Surety's property. In addition, Defendants Hundred Acre Wood LLC ("LLC") and, *inter alios*, Principal wrongfully conveyed property owned by Principal to the Surety's detriment. The Surety brings this action to recover its losses caused by Defendants' wrongful conduct.

## II. JURISDICTION

2. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1332. The parties are of diverse citizenship and the amount in controversy is in excess of $75,000 exclusive of interest and costs.

## III. PARTIES

3. Plaintiff Westchester Fire Insurance Company ("Surety") is incorporated in the Commonwealth of Pennsylvania and has its principal place of business in Pennsylvania. Plaintiff is authorized to write surety bonds in the State of Connecticut.

4. Defendant Titan Enterprises, Inc. ("Principal) is a construction company which is incorporated and has its principal place of business in the State of Connecticut.

5. Defendant Maria Esposito is a citizen of the State of Connecticut and the President of Principal.

6. Defendant Anthony Esposito is a citizen of the State of Connecticut and the Vice President of Principal.

7. Defendants Hundred Acre Wood LLC ("LLC") is a Connecticut limited liability corporation. Defendant Maria Esposito is a member of the LLC.

## IV. CAUSES OF ACTION

### A. COUNT ONE (Conversion by Principal and Indemnitors)

1.–7. Paragraphs 1 through 7 in Parts One through Three of this Complaint, supra, are incorporated herein as Paragraphs 1 through 7 of Count One.

8. Principal and Indemnitors executed the Indemnity Agreement, dated May 7, 2014, under which they agreed, inter alia, to indemnify Surety for any indebtedness owed by Principal or Indemnitors to Surety.

9. In reliance on the terms of the Indemnity Agreement, the Surety issued surety bonds to Principal in 2014 and took back cash collateral from Principal to secure the surety obligation.

10. Principal requested the Surety to return the collateral.

11. In the course of returning the collateral, the Surety overpaid Principal in the amount of $134,468.50 ("Surety's Funds").

12. The Surety made demand on Principal to return the Surety's Funds.

13. Principal has failed and refused to return the Surety's Funds to the Surety.

14. On information and belief, Principal wrongly misappropriated and converted the Surety's Funds and Defendants Maria and Anthony Esposito personally participated in this conversion and misappropriation.

15. The Surety has suffered injury in an amount in excess of $134,468.50 as a result of the conversion of the Surety's Funds by the Principal and Indemnitors.

**B. COUNT TWO (Statutory Theft by Principal and Indemnitors)**

1.–15. Paragraphs 1 through 15 in Count One of this Complaint, supra, are incorporated herein as Paragraphs 1 through 15 of Count Two.

16. Principal and the Indemnitors have committed larceny by embezzlement in that they wrongfully misappropriated the Surety's Funds for their own purposes with the intent of depriving the Surety of the Surety Funds.

17. Principal and the Indemnitors have also committed larceny by acquiring the Surety Funds with knowledge of the Surety's mistake in transmitting the

Funds and their lack of ownership rights to the Funds and then failing to return the Funds to the Surety, all with the intent of depriving the Surety of its lawful property rights.

18. Plaintiff and the Indemnitors have committed Statutory Theft in breach of their obligations under Conn. Gen. Stats. §§ 53a-119 (1) and (4) and §52-564.

19. Plaintiff and the Indemnitors are liable to the Surety for actual and treble damages.

C. **COUNT THREE (Contractual Indemnity as to Principal and Indemnitors).**

1.- 19. Paragraphs 1 through 19 in Count Two of this Complaint, supra, are incorporated herein as Paragraphs 1 through 19 of Count Three.

20. The Indemnity Agreement defines an "Event of Default" by a signatory to include "[t]he failure to pay or discharge, when due, all indebtedness of PRINCIPAL(s) and/or INDEMNITOR(s) to SURETY."

21. Principal and Indemnitors are obligated under the Indemnity Agreement to, inter alia, indemnify Surety for damages arising from: (a) an "Event of Default" as defined therein; (b) the failure by the Principal or Indemnitors to comply with any of the covenants of the Agreement; and/or (c) actions by the Surety to enforce its rights under the Agreement.

22. Principal and Indemnitors are in breach of their obligations under the Indemnity Agreement by failing and refusing to indemnify the Surety for its loss of the Surety Funds.

23. Principal and the Indemnitors are obligated to the Surety for all remedies available under the Indemnity Agreement, including but not limited to interest

and the Surety's costs and attorney's fees incurred in seeking recovery of the Surety Funds.

    **D. <u>COUNT FOUR (Fraudulent Conveyance as to the LLC, Principal, and Indemnitors).</u>**

1.- 23.    Paragraphs 1 through 23 in Count Three of this Complaint, supra, are incorporated herein as Paragraphs 1 through 23 of Count Four.

24.    Through a deed dated November 5, 2015, Principal purchased for $125,000 real property located at 16 Sand Bar Road in Monroe, Connecticut. ("Monroe Property").

25.    Through a deed dated November 5, 2015 and recorded on November 6, 2015, Principal conveyed the Monroe Property to the LLC for no consideration. Principal did not receive reasonably equivalent value in exchange for this transfer.

26.    On information and belief, Principal was insolvent as of the time that it conveyed the Property to the LLC, its remaining assets were disproportionately small in relation to its construction operations, and/or it anticipated or reasonably should have anticipated that it would incur debts beyond its ability to pay as these would become due.

27.    On information and belief, the Indemnitors facilitated the transfer of the Monroe Property.

28.    The conveyance of the Monroe Property is void under the terms of Conn. Gen. Stats. §52-552a et seq.

29.    Principal retains ownership of the Monroe Property.

30.    The Surety is entitled to damages for all loss it has incurred as a result of the transfer of the Monroe Property.

### E. **COUNT FIVE (Unfair Trade Practices as to the LLC, Principal and Indemnitors).**

1.- 30.     Paragraphs 1 through 30 in Count Four of this Complaint, *supra*, are incorporated herein as Paragraphs 1 through 30 of Count Five.

31.     Principal engages in trade and commerce in the State of Connecticut.

32.     As a construction company, Principal's business operations include securing surety bonds and entering into agreements to afford indemnity to its sureties for losses incurred as a result of bonds issued to the Principal.

33.     Principal and its Indemnitors have engaged in Unfair Trade Practices in violation of Gen. Stats. §42-110a et seq. by, inter alia, converting the Surety's Funds and engaging in statutory theft regarding these Funds. Principal, its Indemnitors and the LLC also have engaged in Unfair Trade Practices by wrongfully conveying the Monroe Property, which further impaired the enforcement of the Surety's rights under the Indemnity Agreement.

34.     The Surety has incurred damages as a result of the wrongful conduct alleged herein on the part of Principal, Indemnitors, and the LLC.

35.     The Surety is entitled to recover its actual damages, punitive damages, interest, and its costs and attorney's fees.

36.     The Surety has mailed a copy of this Complaint to the Connecticut Attorney General and the Commissioner of Consumer Protection.

WHEREFORE, Surety prays that this Court:

1. Award monetary damages;

2. Declare that the transfer of the Monroe Property is void and that Principal continues to be owner of the Property;

3. Impose a constructive trust on the Monroe Property in favor of Plaintiff to the extent of Principal's ownership interest in the Property;

4. Award treble damages under Conn. Gen. Stats. §52-564;

5. Award attorney's fees and costs pursuant to the terms of the Indemnity Agreement ;

6. Award punitive damages, attorney's fees and costs pursuant to Conn. Gen. Stats. §42-110g;

7. Award Interest; and

8. Enter such other relief as justice requires.

PLAINTIFF
WESTCHESTER FIRE INSURANCE
COMPANY

/s/ Matthew M. Horowitz
Matthew M. Horowitz (ct 01747)
Wolf, Horowitz & Etlinger, LLC
750 Main Street, Suite 606
Hartford, CT 06103
PH: (860) 724-6667
Juris No. 402488
mhorowitz@wolfhorowitz.com

163720